UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHARON WOOLBRIGHT,

          Plaintiff,

v.                                      Case No.  5:11-cv-282-Oc-37TBS

ABSOLUTE COMMUNICATIONS GROUP,
INC.,

          Defendant.
_____

## ORDER

Pending before the Court is Defendant's Motion for a More Definite Statement (Doc. 7).  Plaintiff has filed a response in opposition (Doc. 8), and thus, this matter is ripe for review.

    I.    BACKGROUND

Plaintiff, Sharon Woolbright filed this action against her former employer, Defendant, Absolute Communications Group, Inc. alleging that she was discriminated against based on her race and seeking relief under Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §1981; and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act. Plaintiff's Amended Complaint contains six counts:  Count I -- Title VII Race Discrimination; Count II --Title VII Retaliation; Count III--42 U.S.C. §1981; Count IV -- 42 U.S.C. §1981 - Retaliation; Count V -- Florida Civil Rights Act Race Discrimination; and Count VI -- Florida Civil Rights Act Retaliation.  (Doc. 3).

Defendant moves for a more definite statement as to Counts I, III and V of the Amended Complaint pursuant to Fed.R.Civ.P. 12(e). Defendant argues that these Counts fail to give Defendant fair notice of what type of race discrimination claims are being

alleged and that even if "Plaintiff purports to state claims against Defendant for discriminatory failure to promote, hostile work environment racial harassment, and discriminatory discharge in Counts I, III and V of the Amended Complaint, such claims are discrete claims and must be plead in separate counts." (Doc. 7 at 2).

II. DISCUSSION

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When considering such a motion, courts are guided by the notice pleading requirements of Fed.R.Civ.P. 8. Palma Vista Condo. Assoc. Of Hillsborough County, Inc. v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-155-T-27EAJ, 2010 WL 2293265, at *1 (M.D. Fla. June 7, 2010)(citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because the federal system employs the concept of notice pleading, motions for more definite statement are disfavored. Scarfato v. National Cash Register Corp, 830 F.Supp. 1441, 1443 (M.D. Fla. 1993). Moreover, "[t]he basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." S.E.C. v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000)(citation omitted).

Here, the Amended Complaint provides fair notice of Plaintiff's claims and the grounds upon which they rest. It is readily apparent from a fair reading of the Amended Complaint that Plaintiff is alleging that: (1) she is black; (2) Plaintiff's supervisor gave the white employees more breaks than he gave the black employees; (3) Plaintiff's supervisor allowed the white employees to use their cellular phones during work hours while

prohibiting the black employees from doing so; (4) Plaintiff's supervisor addressed the black employees as "you people" and otherwise spoke to the black employees "in a degrading manner;" (5) management for the Defendant ignored Plaintiff's complaints; (6) Defendant promoted a white employee without giving Plaintiff any consideration, or an opportunity to apply for the position; (7) Defendant imposed greater restrictions on vacation pay on Plaintiff than on the white employees; (8) Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC"); and (9) after filing the charge with the EEOC, Plaintiff was fired.  Plaintiff contends that these facts support causes of action for race discrimination under Title VII, §1981 and the Florida Civil Rights Act.

While the Amended Complaint does not identify each specific "type" of racial discrimination being alleged (i.e., discriminatory failure to promote, hostile work environment and discriminatory discharge), it more than adequately informs Defendant of the nature of Plaintiff's claims and is sufficient for Defendant to frame a responsive pleading.  Moreover, because the Amended Complaint as it stands is sufficiently clear, Plaintiff was not required, pursuant to Fed.R.Civ.P. 10(b), to plead each type of racial discrimination as a separate count.[1]

Accordingly, Defendant's Motion For More Definite Statement (Doc. 7) is due to be DENIED. Defendant shall file a responsive pleading to Plaintiff's Amended Complaint (Doc. 3) on or before August 24, 2011.

IT IS SO ORDERED.

---

[1] Rule 10(b) provides,"[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . ."(emphasis added).

DONE AND ORDERED in Ocala, Florida, on August 10, 2011.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to:
    All Counsel